Smith, J.
The plaintiff in error seeks the reversal of the judgment rendered against him by the court of common pleas, upon the following grounds, viz: That the court erred in overruling his motion for a new trial, which alleged that the verdict was not sustained by the evidence, and for errors of law occurring at the trial, excepted to by him. We were not favored by any oral argument by counsel for plaintiff in error, and no brief has been furnished by him. We have, therefore, examined the bill of exceptions taken in the case with care, to see whether there was any error in any of the rulings of the trial court prejudicial to the rights of the plaintiff in error.
In the first place we may say, that in our judgment the verdict of the jury, finding that the plaintiff in error was liable on the note sued on, is not so manifestly against the weight of the evidence as to justify us in reversing the judgment on this ground. The evidence of the two witnesses who testified on the question as to whether there ever was a contract for the extension of the time of the payment of the note sued on, which was set up by G. M. Cone, who claimed *633 to be a mere surety for his brother, was in direct conflict. The burden of showing that there was such a contract, was upon him, and this was a question for the jury, and we can not say that their verdict was wrong.
2. We see no error in the ruling as to the admission of evidence over the exception of the plaintiff in error. No exception was taken to any such ruling by him.
3. The bill of exceptions does show exceptions to the charge given by the court to the jury, and to the refusal of the court to give certain special charges asked by plaintiff in error, and we notice these briefly. The first exception is to that part of the general charge of the court found in the second paragraph on the second page of the charge. As to this we may say that if, as claimed in the exception itself, it is not applicable to the case, and is not strictly accurate. we do not see that it was at all prejudicial to the defendant below. The next exception is to so much of the general charge on page 8 as is marked on the margin, but we think this stated the law correctly. The third exception to the general charge was to that part on page 13 marked on the margin, to the effect that the payment of $12 of interest then due, alone, was not a good consideration, for the extension of the time of payment of the interest which was then due. This, we think, was correct. The payment of the $12, if due, was only what a maker was bound to do, and unless there was some other consideration, as an agreement to keep the money then due on the note for a fixed and definite period and pay the interest on it at same rate, it would not be binding upon the payee. The court, at the request of the defendant,did properly charge the jury that “an agreement between the payee and principal of a note for the extension of the time of its payment for a fixed and definite period, in consideration of the same rate of interest as that named in the note, is valid without the payment of the interest in advance, and if made without the knowledge of the sureties, will discharge them.”
J H. MoGarry, for plaintiff in error.
Milliken, Shotts & Milliken, contra.
The plaintiff asked the court to give the two following special charges, which were refused and exceptions taken, viz;
First' — If you find from the evidence that plaintiff agreed to extend the time for payment of said note from April 25, 1892, until April 25, 1893, in consideration that W. H. Cone then promised to pay interest thereon, and if you further find that G. M. Cone was surety on said note, then your verdict must be for G. M. Cone, unless you find that said extension was made with his knowledge and consent.
Second — Agreement on the part of W. H. Cone to pay interest on the note for the year would be a good and sufficient consideration for the alleged contract for extension of time of payment.
The objection to the first of these charges is that it leaves out of view entirely the question whether the plaintiff below knew, or had reason to believe, that G. M. Cone was only a surety on the note, which was one of the issues in the case. He might, as between himself and his brother, have been a surety,and as to the payee,a principal— and if so, he might have made a contract with the other principal.for ihe extension of the note which would not have discharged G. M. Cone. We understand the law to be that where a joint and several note is made by two persons to another, without any knowledge on the part of the payee of the fact that one of them is surety only, he may consider and treat them as principals. For this reason the court was justified in refusing to give this charge.
And in our judgment the court had already, in substance and effect, given the second charge asked, and was not bound to do so again.
For these reasons we think the judgment should be affirmed.